IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK VOTH,

           Plaintiff,

  v.

AMERICA'S BEST COMMUNITY
FEDERAL CREDIT UNION, et al.,

           Defendants.

Civil No. 08-1052-MO

OPINION AND ORDER

**MOSMAN, J.,**

      This action arises out of a transfer of $2,500 from Frank Voth's account by America's Best Community Federal Credit Union ("Credit Union") to the Central Trust at the prison where Mr. Voth is incarcerated. Upon receipt, the Central Trust applied the money to pay debts owed by Mr. Voth. Mr. Voth brought this *pro se* action against Credit Union, National Credit Union Administration ("NCUA"), Department of Consumer and Business Services ("DCBS"), and John/Jane Doe 1 through 10, claiming (1) financial abuse, (2) negligence, (3) breach of fiduciary duty, and (4) conversion.

PAGE 1 - OPINION AND ORDER

Currently before this Court is NCUA's Motion to Dismiss (#44). For the reasons discussed below, the Motion to Dismiss is GRANTED with prejudice.

## BACKGROUND

In 2006, Mr. Voth opened an Incarcerated Member Account with Credit Union. (Bethmann Decl. (#12) ¶ 2, Exs. 1-2.) The account agreement provided that money from an incarcerated member's account could only be transferred to the Central Trust of the member's correctional institution. (*Id.* at Ex. 2.) The agreement explicitly prohibited Credit Union from transferring money to third parties. (*Id.*)

In March 2007, Credit Union refused Mr. Voth's request to transfer money to a third party and provided Mr. Voth with a copy of the policies that specified that money could only be sent to the Central Trust. (*Id.* ¶ 3, Ex. 3.) In June 2007, Mr. Voth again requested Credit Union to send money, $2,500, to a third party. (*Id.* ¶ 4, Ex. 4.) Credit Union responded by sending the money instead to the Central Trust. (*Id.*) Upon receipt, the Central Trust applied the money to pay Mr. Voth's "canteen" debt. (*Id.* ¶ 5.)

Mr. Voth's complaint alleges NCUA "had a responsibility and duty to prevent [Credit Union] from carrying out illegal, unauthorized and unsafe practices with plaintiff's money." (Third Am. Compl. (#1) ¶ 6.) Mr. Voth's four claims are asserted against "defendants, one and all." (*Id.* at ¶¶ 30, 33, 38, 42.) Thus, although Mr. Voth explicitly asserts each claim against every defendant, Mr. Voth's claims against NCUA are premised on the illegality of Credit Union's actions. On this basis, NCUA moved (##7, 23), and this Court agreed (#34), to stay NCUA's case pending resolution of Credit Union's Motion for Summary Judgment (#9). On April 20, 2009, this Court granted Credit Union's Motion for Summary Judgment (#42).

PAGE 2 - OPINION AND ORDER

Accordingly, on April 27, NCUA filed this Motion to Dismiss (#44) under Federal Rule of Civil Procedure 12(b)(6). Mr. Voth did not respond to the Motion to Dismiss or to this Court's related Order to Show Cause (#47).

## DISCUSSION

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. When considering a motion to dismiss, the court must accept all alleged material facts as true and construe them in the light most favorable to the non-moving party. *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003).

Mr. Voth seeks to hold NCUA liable based on Credit Union's practices. Mr. Voth alleges that NCUA "had a responsibility and duty to prevent [Credit Union] from carrying out illegal, unauthorized and unsafe practices with plaintiff's money." (Third Am. Compl. (#1) ¶ 6.) In light of my determination at the summary judgment stage that Credit Union did not carry out illegal practices, NCUA could not have failed its alleged duty to prevent Credit Union's illegal practices. Further, Mr. Voth fails to identify any legal responsibility or duty NCUA had to prevent such conduct. Thus, in light of my grant of summary judgment in Credit Union's favor, not even a speculative factual basis is alleged against NCUA to support Mr. Voth's complaint. *See Twombly*, 550 U.S. at 555-56.

Additionally, Mr. Voth directs each of his claims at every defendant. Thus, it is also necessary to consider whether Mr. Voth has alleged sufficient facts to hold NCUA directly liable for financial abuse, negligence, breach of fiduciary duty, or conversion. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (providing that, in cases involving a *pro se* plaintiff, the court construes the complaint liberally and affords the plaintiff the benefit of the doubt).

Mr. Voth fails to state a claim for financial abuse against NCUA because Mr. Voth does not allege NCUA took, withheld, or failed to take reasonable steps to make available Mr. Voth's money. *See* Or. Rev. Stat. § 124.110(1)(a)-(b) (listing elements of financial abuse). Mr. Voth fails to state a claim for negligence because he does not allege NCUA engaged in any conduct that directly caused a foreseeable risk of harm to Mr. Voth. *See Graham v. Multnomah County*, 972 P.2d 1215, 1216 (Or. Ct. App. 1999) (providing elements of negligence). Regarding breach of fiduciary duty, Mr. Voth fails to state a claim because he does not allege any relationship, much less the requisite "special relationship," existed between Mr. Voth and NCUA. *See Bennett v. Farmers Ins. Co.*, 26 P.3d 785, 798-800 (Or. 2001) (describing facts sufficient to establish a special relationship for purposes of imposing fiduciary duties). Finally, as for conversion, Mr. Voth fails to state a claim because he does not allege NCUA exerted control over a chattel of Mr. Voth's. *See Emmert v. No Problem Harry, Inc.*, 192 P.3d 844, 850 (Or. Ct. App. 2008) (citing *Mustola v. Toddy*, 456 P.2d 1004, 1007 (Or. 1969)) (defining conversion). Thus, based on these deficiencies, Mr. Voth fails to state a claim against NCUA, even when the complaint is construed liberally.

Finally, Mr. Voth has failed to prosecute this matter by not responding to this Court's Order to Show Cause, dated May 15, 2009. *See Holub v. Comm'r of Internal Revenue*, No. 03-585-HA, 2003 WL 23200012, at *1 (D. Or. Nov. 13, 2003) (warranting dismissal where *pro se* plaintiff failed to comply with applicable rules, respond to a motion to dismiss, and prosecute the case).

## CONCLUSION

For the foregoing reasons, I GRANT NCUA's Motion to Dismiss (#44) with prejudice. IT IS SO ORDERED.

DATED this   8th   day of July, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 5 - OPINION AND ORDER